UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

ALFONSO PACA PILCO,                                                    Petitioner,

v.                                                          Civil Action No. 4:26-cv-140-DJH

SAMUEL OLSON, Field Office Director,
Chicago Field Office, Immigration and
Customs Enforcement et al.,                                        Respondents.[1]

\* \* \* \* \*

## MEMORANDUM AND ORDER

Alfonso Paca Pilco, a noncitizen resident of Illinois currently detained in the Western District of Kentucky, seeks a writ of habeas corpus pending his removal proceedings.  He alleges that his detention by immigration authorities violates the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment.  (Docket No. 1)  The parties agreed to forgo a show-cause hearing given the absence of a material factual dispute (*see* D.N. 5), and they have submitted briefing setting out their respective legal arguments (D.N. 8; D.N. 9).  After careful consideration, the Court will grant Pilco's petition for the reasons explained below.

### I.

Pilco is a native and citizen of Ecuador.  (D.N. 1, PageID.10 ¶ 39; D.N. 8-1, PageID.33)  He entered the United States without inspection on an "unknown date."[2]  (D.N. 8-1, PageID.33; *see* D.N. 8-2, PageID.38)  On May 9, 2023, Pilco was paroled into the United States for two years. (D.N. 8-2, PageID.39)  On February 1, 2026, Chicago law enforcement officers arrested Pilco for

---

[1] The petition names Kristi Noem as the Secretary of the Department of Homeland Security. (Docket No. 1, PageID.5 ¶ 18)  Pursuant to Federal Rule of Civil Procedure 25(d), the Court will order that the current Secretary, Markwayne Mullin, be automatically substituted as the respondent.

[2] The petition states that Pilco entered the United States in 2023.  (D.N. 1, PageID.10 ¶ 39)

1

two counts of driving under the influence of alcohol (misdemeanors) and petty offenses of driving the wrong direction on a one-way street, failing to reduce speed, operating an uninsured vehicle, not having a driver's license on his person, and not possessing valid vehicle registration. (*See id.*, PageID.40)  On February 21, 2026, U.S. Customs and Border Protection officers encountered Pilco in Chicago, Illinois, "during [a] targeted traffic stop." (*Id.*, PageID.39)  During the encounter, Pilco "freely admitted [to] being in the United States illegally." (*Id.*)  The officers "positively identified [Pilco] as the target who had recently been arrested for driving under the influence" and "informed [him] that [they] had a warrant for his arrest." (*Id.*)  The administrative warrant issued by the Department of Homeland Security authorized Pilco's detention pursuant to 8 U.S.C. § 1226.[3] (D.N. 8-3, PageID.42)  Pilco was taken into U.S. Immigration and Customs Enforcement (ICE) custody. (*Id.*)  On February 21, 2026, he was placed in removal proceedings via a Notice to Appear, which designated him as inadmissible pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) and "an alien present in the United States who has not been admitted or paroled."[4] (D.N. 8-1, PageID.33; *see id.*, PageID.36)  Pilco remains detained at the Hopkins County Jail. (D.N. 1, PageID.2 ¶ 1; D.N. 8, PageID.28)

Pilco seeks a writ of habeas corpus against Chicago ICE Field Office Director Samuel Olson, Acting Director of ICE Todd Lyons, the Department of Homeland Security Secretary, U.S. Attorney General Pamela Bondi, and Hopkins County Jailer Mike Lewis. (D.N. 1, PageID.5 ¶¶ 17–20)  Pilco alleges that his detention violates the Immigration and Nationality Act, 8 U.S.C. §§ 1225–1226, and due process under the Fifth Amendment. (*See id.*, PageID.10–11 ¶¶ 45–51)

---

[3] The warrant cited section 236 of the Immigration and Nationality Act (D.N. 8-3, PageID.42), which is codified at 8 U.S.C. § 1226. *Barrera v. Tindall*, No. 3:25-cv-541-RGJ, 2025 WL 2690565, at *1 n.1 (W.D. Ky. Sep. 19, 2025).

[4] The Notice to Appear states that Pilco was not paroled despite Department of Homeland Security documentation stating that he was paroled for two years on May 9, 2023. (*See* D.N. 8-1, PageID.33; D.N. 8-2, PageID.39)

Pilco asks the Court to order his immediate release or, in the alternative, a bond hearing.  (*See id.*, PageID.13)  Respondents argue that (1) Pilco is properly detained under § 1225(b)(2) as an applicant for admission who is seeking admission; (2) Respondents' "reading of Section 1225(b)(2) does not render Section 1226(c) superfluous"; and (3) Pilco's detention does not violate due process because he "was afforded all the process he was due" under § 1225.[5]  (*See* D.N. 8, PageID.29–31; D.N. 8-4, PageID.76, 78)

## II.

### A.    Immigration and Nationality Act

Pilco asserts that 8 U.S.C. § 1225 "does not apply to [noncitizens like him] who previously entered the [United States] and have been residing [here] prior to being apprehended and placed in removal proceedings."  (D.N. 1, PageID.10–11 ¶ 46)  He maintains that 8 U.S.C. § 1226 governs his detention instead.  (*Id.*, PageID.11 ¶ 46)  Respondents argue that § 1225(b)(2) governs Pilco's detention, incorporating by reference arguments from the appellants' brief in *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771 (E.D. Mich. 2025), *appeal docketed*, No. 25-1965 (6th Cir. Oct. 27, 2025).  (*See generally* D.N. 8-4)

Respondents' arguments are nearly identical to those made in *Alonso v. Tindall*, No. 3:25-cv-652-DJH, 2025 WL 3083920 (W.D. Ky. Nov. 4, 2025).  The Court thus summarizes and incorporates by reference its reasoning and determination from that decision.  There, the Court found that the petitioner was an applicant for admission as an "alien present in the United States who ha[d] not been admitted," *id.* at *5 (quoting § 1225(a)(1)), but that he was not "seeking

---

[5] Respondents do not contest that the Court has jurisdiction to review Pilco's petition (*see* D.N. 8-4, PageID.60).  *See Lopez v. Olson*, No. 3:25-cv-654-DJH, 2025 WL 3217036, at *2 (W.D. Ky. Nov. 18, 2025) ("[Section 28 U.S.C. § 2241] confers jurisdiction [on district courts] to hear habeas corpus challenges to the legality of a noncitizen's detention." (citing *Rasul v. Bush*, 542 U.S. 466, 483–84 (2004))).  Nor do Respodents argue whether Pilco must exhaust administrative remedies.  (D.N. 8-4, PageID.74 n.4)  Therefore, the Court will not address these issues.

admission" because he resided in the United States at the time of his arrest. *See id.* at \*5, \*7. Likewise, Pilco is an applicant for admission because he is an "alien present in the United States who has not been admitted," § 1225(a)(1) (*see* D.N. 8-1, PageID.33), but he is not "seeking admission" under § 1225(b)(2)(A) because he lived in the United States when he was arrested (*see* D.N. 8-2, PageID.39). *See Alonso*, 2025 WL 3083920, at \*6. "[T]he category of applicants for admission covered by § 1225(b)(2) who are 'seeking admission' is meant to refer to those who are presenting themselves at the border, or who were recently apprehended just after entering." *Hyppolite v. Noem*, 808 F. Supp. 3d 474, 487 (E.D.N.Y. 2025). Pilco was arrested in the interior of the United States (D.N. 8-2, PageID.39) and thus does not fall within that category. *See Alonso*, 2025 WL 3083920, at \*6.

Respondents additionally argue that their position "does not render Section 1226(c) superfluous." (D.N. 8-4, PageID.94) They claim that "[a]lthough Section 1226(c) and Section 1225(b)(2) overlap for some aliens, each provision has independent effect." (*Id.*, PageID.93) As the Court explained in *Alonso*, the recent amendment to § 1226, codified in § 1226(c)(1)(E), "applies to noncitizens who are inadmissible under 8 U.S.C. § 1182(a)(6)(A) and who have been charged with, arrested for, or convicted of 'burglary, theft, larceny, shoplifting, or assault of a law enforcement officer . . . , or any crime that results in death or serious bodily injury to another person.'" 2025 WL 3083920 at \*6 (quoting § 1226(c)(1)(E)(ii)). "Considering that § 1182(a)(6)(A)(i) specifically refers to aliens 'present in the United States without being admitted or paroled,' and that § 1226(c)(1)(E) requires detention without bond of these individuals if they have also committed a felony, the recently created statutory exception would be redundant if § 1225(b)(2) authorized their detention as well." *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at \*5 (E.D. Mich. Sep. 9, 2025) (citation omitted). Thus, despite overlap

between § 1225(b) and § 1226(c) regarding noncitizens who have not been admitted or paroled, Respondents' reading of § 1225 would render § 1226(c) superfluous. *See id.* ("[B]ecause an alien present in the United States without admittance would be unlikely to prove that they are 'clearly and beyond a doubt entitled to be admitted [under § 1225(b)(2)(A)],' ICE would never need to rely on § 1226(c)(1)(E) to detain them." (citations omitted)); *Hurtado v. Jamison*, No. 25-6717, 2025 WL 3678432, at *5 (E.D. Pa. Dec. 18, 2025) ("[T]hese recent amendments drive home the conclusion that Congress never intended § 1225(b)(2)(A) to apply to noncitizens who have been permitted to come into [the United States], on parole or otherwise, and have been residing in this country for years.").

Respondents also maintain that their position is supported by the Supreme Court's opinion in *Jennings v. Rodriguez*, 583 U.S. 281 (2018). (*See* D.N. 8-4, PageID.100–02) *Jennings* considered whether §§ 1225(b), 1226(a), and 1226(c) require providing periodic bond hearings to noncitizens detained under those provisions. *See* 583 U.S. at 286, 291. As Respondents note, "the Supreme Court [in *Jennings*] did not rule on whether non-admitted or inadmissible aliens fell within Section 1226(a) as opposed to Section 1225(b)(2)(A)." (D.N. 8-4, PageID.102) Whether Respondents' position is consistent with *Jennings* is thus not dispositive here. In any event, *Jennings* stated that "§ 1226 applies to aliens already present in the United States[, and §] 1226(a) creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings." 583 U.S. at 303. The opinion also described § 1225(b)(1) and (b)(2) as "authoriz[ing] the [g]overnment to detain certain aliens *seeking admission* into the [United States]." *Id.* at 289 (emphasis added). Thus, the Court's reading of the relevant statutes is consistent with *Jennings*.

In accordance with its prior decisions addressing the same issue, the Court concludes that Pilco is detained under § 1226(a), not § 1225(b)(2), and is thus entitled to a bond hearing. *See Singh v. Lewis*, No. 4:25-cv-133-DJH, 2025 WL 3298080, at \*5 (W.D. Ky. Nov. 26, 2025); *Lopez*, 2025 WL 3217036, at \*3; *Alonso*, 2025 WL 3083920, at \*8.

**B.    Due Process**

Pilco asserts that his detention without a bond hearing violates due process under the Fifth Amendment. (*See* D.N. 1, PageID.11 ¶¶ 48–51) Respondents argue that "Section 1225(b)(2) does not afford [Pilco] the ability to obtain release on bond, and so the Due Process Clause does not either." (D.N. 8-4, PageID.103) Because Pilco is detained under § 1226(a), not § 1225(b)(2), Respondents' argument as to the due process required by § 1225(b)(2) is futile. *Singh*, 2025 WL 3298080, at \*5.

The Fifth Amendment's Due Process Clause extends to all persons, including noncitizens, regardless of immigration status and in the context of removal proceedings. *Plyler v. Doe*, 457 U.S. 202, 210 (1982) (citations omitted); *A.A.R.P. v. Trump*, 605 U.S. 91, 94 (2025) (per curiam) (citation omitted). To determine whether civil detention violates a petitioner's due process rights, the Court applies the three-part balancing test set out in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *Alonso*, 2025 WL 3083920, at \*8 (citing *Barrera*, 2025 WL 2690565, at \*6). Under that test, the Court weighs

> (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the United States' interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Barrera*, 2025 WL 2690565, at \*6 (citing *Mathews*, 424 U.S. at 335).

6

Like the petitioners in *Barrera* and other cases recently before the Court, Pilco "has a significant private interest in not being detained." *Id.*; *see Singh*, 2025 WL 3298080, at *6; *Alonso*, 2025 WL 3083920, at *9. Moreover, "the risk of erroneously depriving [Pilco] of his freedom is high if the [immigration judge] fails to assess his risk of flight and dangerousness." *Lopez-Campos*, 797 F. Supp. 3d at 785; *see* 8 C.F.R. § 1236.1(c)(8), (d)(1). Finally, the Court "recognizes that the United States does have a strong interest in ensuring noncitizens do not harm their community and that they appear for future immigration proceedings." *Barrera*, 2025 WL 2690565, at *7 (citation omitted). But a "routine bond hearing before an [immigration judge]" presents "minimal" fiscal and administrative burdens, and "there is an established process for doing so that [the Department of Homeland Security] can readily follow here." *Hyppolite*, 808 F. Supp. 3d at 493. Thus, because all three *Mathews* factors weigh in Pilco's favor, the Court concludes that his detention violates due process. *See Singh*, 2025 WL 3298080, at *5–6; *Barrera*, 2025 WL 2690565, at *6–7.

### III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) Pilco's petition for a writ of habeas corpus (D.N. 1) is **GRANTED**. Respondents are **DIRECTED** to immediately release Pilco, and, in the event he is arrested and re-detained, provide him with a bond hearing before a neutral Immigration Judge in accordance with 8 U.S.C. § 1226(a). Respondents **SHALL** certify compliance with the Court's Order by a filing on the docket no later than **April 1, 2026**.

(2)    The Clerk of Court is **DIRECTED** to substitute Markwayne Mullin, Secretary of the Department of Homeland Security, as a respondent in the record of this matter.

(3)    Upon receipt of the notice of compliance, this matter will be **CLOSED**.

March 30, 2026

**David J. Hale, Chief Judge**
**United States District Court**

8